UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 22-43409

JANEEN LASHAWN GALLOWAY,                                  Chapter 7

      Debtor.                                           Judge Thomas J. Tucker

_____/

# ORDER DISMISSING CASE

On April 27, 2022, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. But the Debtor is not eligible to be a debtor in this case, under 11 U.S.C. § 109(g)(2), which provides:

> (g)    Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
> . . .
>     (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in a case pending within 180 days before filing this case: Case No. 17-56666, a Chapter 13 case which the Debtor voluntarily dismissed on April 26, 2022.

In that prior case, two different creditors filed motions for relief from the automatic stay. On February 6, 2020, creditor Westbridge Manor filed a motion for relief from the automatic stay (Docket # 57 in Case No. 17-56666). On April 2, 2020, the Court entered an order upon the stipulation of the parties, conditionally continuing the automatic stay. (Docket # 67 in Case No. 17-56666).

On June 30, 2021, creditor 21st Mortgage Corporation (the "21st Mortgage Creditor") filed a motion for relief from the automatic stay (Docket # 69 in Case No. 17-56666).  On July 20, 2020, the Court entered an order settling the stay-relief motion and modifying the automatic stay as to the 21st Mortgage Creditor (Docket # 79 in Case No. 17-56666).  Later, on September 28, 2020, the Court entered an order lifting the automatic stay as to the 21st Mortgage Creditor (Docket # 101 in Case No. 17-56666).

On April 25, 2022, the Debtor filed a motion to voluntarily dismiss Case No. 17-56666. (Docket # 121 in Case No. 17-56666).  On April 26, 2022, the Court entered an order of dismissal.  (Docket # 122 in Case No. 17-56666).

The Court reiterates what it has held about § 109(g)(2) in numerous prior cases, including the case of *In re Turner*, 583 B.R. 910, 911 (Bankr. E.D. Mich. 2018):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand.  Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case, regardless of the debtor's good faith or whether there was any particular connection between the two events.  *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson*), 209 B.R. [76-78 (B.A.P. 6th Cir.] 1997), and cases cited therein.  The undersigned judge has so ruled in previous bench opinions, and adheres to that ruling now.  *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench

> opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).
>
> See also *In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

*Id.* (citation omitted); *see also In re Boston*, 636 B.R. 483 (Bankr. E.D. Mich. 2022) (same); *In re Holloway*, 635 B.R. 149 (Bankr. E.D. Mich. 2022) (same); *In re Baker*, 635 B.R. 147 (Bankr. E.D. Mich. 2022) (same) *In re Bussell*, 626 B.R. 891, 892-93 (Bankr. E.D. Mich. 2021) (same); *In re Payton*, 626 B.R. 886, 888 (Bankr. E.D. Mich. 2021) (same); *In re Stachurski*, 613 B.R. 251, 252 (Bankr. E.D. Mich. 2020) (same).

Based on the facts stated above, the Debtor is not eligible to be a debtor in any bankruptcy case filed within 180 days after April 26, 2022, and therefore is not eligible to file any bankruptcy case until on or after October 24, 2022. As a result, this case (filed April 27, 2022) must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on April 28, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**